NOT DESIGNATED FOR PUBLICATION

No. 117,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JON KEITH KELLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion on remand filed February 15, 2019. Reversed, sentence vacated, and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and BUSER, JJ.

PER CURIAM: Our Supreme Court remanded this case for reconsideration of our previously issued opinion in light of its recent decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018).

We set forth the facts of this case in *State v. Kelley*, No. 117,207, 2018 WL 1353311 (Kan. App. 2018) (unpublished opinion). There, we stated:

"In September 2016, Kelley pled guilty to two counts of felony theft, a severity level 9 nonperson felony. According to the PSI, Kelley's criminal history included a 2012 Missouri person felony conviction for Resisting Arrest by Fleeing—Creating a Substantial Risk of Injury/Death to Any Person. The only information in the record that pertains to Kelley's Missouri conviction is found in the PSI. Based on the report, the district court determined Kelley had a criminal history score of C.

"At sentencing, Kelley did not object to his criminal history score, and he confirmed that the convictions reflected in the PSI were accurate. The court sentenced Kelley to 18 months' imprisonment, followed by 12 months of postrelease supervision." 2018 WL 1353311, at *1.

On appeal to this court, Kelley argued that the trial court incorrectly calculated his criminal history score because his 2012 Missouri conviction for Resisting Arrest by Fleeing—Creating a Substantial Risk of Injury/Death to Any Person under Missouri Revised Statutes (Mo. Rev. Stat.) § 575.150 (2012 Supp.) should have been classified as a nonperson felony instead of a person felony.

Kelley argued that Mo. Rev. Stat. § 575.150 (2012 Supp.) was broader than the comparable Kansas fleeing or eluding statute under K.S.A. 2017 Supp. 8-1568. He further argued that the two statutes were not comparable for the purpose of determining whether his Missouri conviction for resisting arrest by fleeing was a person or a nonperson felony. To support his position, Kelley asserted that the Missouri offense did not require a defendant to be the driver of a motor vehicle and did not require the additional elements that Kansas requires under K.S.A. 2017 Supp. 8-1568(b).

This court rejected Kelley's argument and affirmed the trial court's determination that Kelley's criminal history was properly scored as a C.

In *Wetrich*, our Supreme Court stated the following rule:

2

"[I]nterpreting 'comparable offenses' in K.S.A. 2017 Supp. 21-6811(e)(3) to mean that the out-of-state crime cannot have broader elements than the Kansas reference offense—that is, using the identical-or-narrower rule—furthers the KSGA's goal of an even-handed, predictable, and consistent application of the law across jurisdictional lines. Cf. *Johnson*, 135 S. Ct. at 2562-63 (discussing goal of doctrine of stare decisis to effect even-handed, predictable, and consistent application of the law). Accordingly, we hereby adopt that interpretation. For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 561-62.

Applying this rule in our remanded case, we compare the elements of the Missouri resisting arrest by fleeing offense with the elements of the Kansas fleeing or eluding offense. The Missouri statute reads as follows:

"1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

"(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence of physical force or by fleeing from such officer; or

"(2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

. . . .

"3. A person is presumed to be fleeing a vehicle stop if that person continues to operate a motor vehicle after that person has seen or should have seen clearly visible emergency lights or has heard or should have heard an audible signal emanating from the law enforcement vehicle pursuing that person.

. . . .

"5. Resisting or interfering with an arrest is a class D felony for an arrest for a:

3

"(1) Felony;

. . . .

"Resisting an arrest, detention or stop by fleeing *in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony*; otherwise, resisting or interfering with an arrest, detention or stop in violation of subdivision (1) or (2) of subsection 1 of this section is a class A misdemeanor." (Emphasis added.) Mo. Rev. Stat. § 575.150 (2012 Supp.).

The Missouri statute applies to anyone who is interfering with an officer making an arrest, stop, or detention. Mo. Stat. Rev. § 575.150 (2012 Supp.).

The Kansas Legislature has carved out a specific crime of fleeing or eluding:

"(a)(1) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop for a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1).

(2) Any driver of a motor vehicle who willfully otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1).

. . . .

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or

(2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(2).

"(c)(1) Violation of subsection (a), upon a:

(A) First conviction is a class B nonperson misdemeanor;

4

(B) second conviction is a class A nonperson misdemeanor; or

(C) third or subsequent conviction is a severity level 9, person felony.

(2) Violation of subsection (b) is a severity level 9, person felony." K.S.A. 2017 Supp. 8-1568.

To be convicted of fleeing or eluding in Kansas, which can be considered a person felony, one has to be driving a car. K.S.A. 2017 Supp. 8-1568. Additionally, to be classified as a person felony, either the individual has to have prior convictions for fleeing or eluding or certain factual prerequisites have to exist, such as failing to stop for a road block or the defendant was "attempting to elude capture for the commission of any felony." K.S.A. 2017 Supp. 8-1568(b) and (c).

Kelley points out that the Missouri conviction for resisting arrest by fleeing may only be classified as a person felony if the statutory elements of that statute are identical or narrower than the sections of the Kansas fleeing or eluding statute which are classified as a person felony. See *Wetrich*, 307 Kan. at 562. Kelley further notes that the Kansas fleeing or eluding statute, however, is narrower than the Missouri resisting arrest by fleeing statute. Kelley points out, for example, to be a person felony in Kansas, a defendant must have been the driver of a motor vehicle, an element not found in the Missouri statute. Compare K.S.A. 2017 Supp. 8-1568 with Mo. Rev. Stat. § 575.150 (2012 Supp.).

Thus, the comparison shows that the element in the above example is broader in the Missouri resisting arrest by fleeing statute than in the Kansas fleeing or eluding statute. Unlike Kansas, Missouri has no requirement that a defendant must have been the driver of a motor vehicle.

Under *Wetrich*, to classify Kelley's prior Missouri conviction as a person felony, the elements of that statute must be identical or narrower than the corresponding Kansas

statute. Because the Missouri resisting arrest by fleeing statute is broader than the Kansas fleeing or eluding statute, the trial court erred in classifying the Missouri conviction as a person felony.

Reversed, sentence vacated, and case remanded for resentencing with the correct criminal history.